780 S.E.2d 600

Re: SOUTH CAROLINA ELECTRONIC FILING POLICIES
AND GUIDELINES; Pilot Version–Common Pleas.

Appellate Case No. 2015–001532.

Supreme Court of South Carolina.

Oct. 28, 2015.

## ORDER

Pursuant to Art. V., § 4 of the South Carolina Constitution, the attached Electronic Filing Policies and Guidelines are hereby adopted by this Court. These Policies and Guidelines will govern E–Filing during the Pilot Program in the Court of Common Pleas, and will be effective upon the adoption of E–Filing on a county-by-county basis as set forth in future Administrative Orders of this Court.

s/Jean H. Toal, C.J.

s/Costa M. Pleicones, J.

s/Donald W. Beatty, J.

s/John W. Kittredge, J.

s/Kaye G. Hearn, J.

## ATTACHMENT

**South Carolina Electronic Filing Policies and Guidelines**

**Pilot Version–Common Pleas**

### 1. Definitions

(a) **"Authorized E–Filer"** is a licensed South Carolina attorney in good standing who has registered to E–File through the Attorney Information System.

(b) **"Case Management System Public Index"** is the automated system that allows members of the public to access case information and to view and print court documents via the internet through each county's webpage.

(c) **"Document"** is any pleading, motion, paper, exhibit, or other written attachment that is E–Filed under these Policies and Guidelines.

(d) **"Electronic Filing System"** or **"E–Filing System"** is the South Carolina Judicial Department's automated system for receiving and storing documents filed in electronic form.

(e) **"Electronic Signature"** is the Authorized E–Filer's s/[typed name] in electronically filed documents, combined with the use of the Authorized E–Filer's login and password to access the E–Filing System, and other pertinent identifying information set forth in Section 5 below.

(f) **"E–Filing"** or **"E–File"** is the electronic submission of documents by Authorized E–Filers for Electronic Filing with each county's Clerk of Court's Office via the E–Filing System.

(g) **"Electronic Filing—Filer Interface User Guide"** is an E–Filing manual for Authorized E–Filers that contains further instructions and guidance concerning the technical aspects of properly preparing, formatting, and perfecting E–Filings.

(h) **"Electronic Service" or "E–Service"** is the electronic transmission of notice of an Electronic Filing to an Authorized E–Filer under these Policies and Guidelines via the E–Filing System.

(i) **"Notice of Electronic Filing"** or **"Notification of Electronic Filing"** **("NEF")** is a notice automatically generated by the E–Filing System at the time of a filing or other court action. An NEF is transmitted by email to all Authorized E–Filers who have appeared and been entered by the clerk as counsel of record in the case and includes a description of the filing and a list of parties to whom the NEF was transmitted.

(j) **"PDF"** refers to a Portable Document Format, a universal document format style used for consistency in E–Filing.

(k) **"Supreme Court"** refers to the Supreme Court of South Carolina.

(*l*) **"Technical Failure"** is a malfunction of court-run hardware, software, or communications that results in the inability of an Authorized E–Filer to submit a document for E–Filing. Technical Failure does not include malfunctioning of an Authorized E–Filer's equipment, software, hardware, or internet connection.

(m) **"Traditional Filer"** is a party or an attorney for a party who is not an Authorized E–Filer and who files and serves paper documents via Traditional methods of filing and service.

(n) **"Traditional Filing"** is the physical filing of paper documents bearing the original signature of the party or the attorney for the party in the office of the Clerk of Court or as otherwise authorized under the South Carolina Rules of Civil Procedure.

(o) **"Traditional Service"** is the service of a paper copy of a document using the forms or methods of service authorized under the South Carolina Rules of Civil Procedure.

## 2. Scope and Participation

(a) **Commencement.** The Pilot Program shall commence in the Court of Common Pleas in a specified county or counties upon Order of the Supreme Court or the Chief Justice of the Supreme Court, and may expand to other counties as ordered by the Supreme Court or the Chief Justice of the Supreme Court.

(b) **Scope.** Unless otherwise excluded by these Policies and Guidelines or by Order of the Supreme Court or the Chief Justice,[1] all filings in all civil cases commenced or pending in any E–Filing county after the effective date of the Pilot Program shall be E–Filed if the party is represented by an attorney. The Clerk of Court will not accept Traditional filings submitted by attorneys except in excluded cases, where an excluded document is filed in an E–Filing case, where an attorney has been excused from participation, or where the document cannot be E–Filed as otherwise set forth in these Policies and Guidelines.

(c) **Excluded Cases.** The following cases are excluded from participation in the Pilot Program:

(1) Post–Conviction Relief Cases, Habeas Corpus Cases, Mandamus Actions on Behalf of Inmates, and all other Inmate Petitions or actions;

---

1. A county may, with the permission of the Supreme Court, permit E–Filing on a voluntary basis during the initial stages of the Pilot Program.

(2) Sexually Violent Predator Actions; and

(3) Petitions by Minors for Judicial Consent for Abortion.

**(d) Excluded Documents.** The following documents may not be E–Filed, regardless of whether the filer is an attorney, and must be Traditionally filed:

(1) A motion to quash a subpoena filed by or on behalf of a non-party;

(2) A motion that may be filed *ex parte* in an existing case;

(3) Any other pleadings filed by or on behalf of a person or entity who is not a party to an existing case, other than motions to intervene or filings by a person or entity granted intervenor status; and

(4) A filing that initiates a new case and exceeds 40 Megabytes when converted to PDF. If the filing is Traditionally filed under this subsection, the E–Filer must also file a Certificate of Technical Difficulty certifying that the intended submission exceeds 40 Megabytes.

**(e) Attorneys Excused from Participation.** An attorney may be excused from participation only upon a showing that the attorney has a disability that prevents the attorney from complying with these Policies and Guidelines. An attorney seeking to be excused from participation shall submit a request to the Clerk of the Supreme Court on a Form approved by the Supreme Court establishing the basis for the disability claim and indicating whether the disability is permanent or temporary. For the purposes of this section, the Clerk of Court may consider the ability of an employee of the attorney's law firm, office, or business to comply with the Policies and Guidelines in determining whether to excuse the attorney. An attorney excused from participation in the Pilot Program shall file and serve documents as a Traditional Filer.

### 3. Authorization

**(a) Attorneys.**

**(1) Eligibility.** Any attorney who is licensed by the Supreme Court of South Carolina, is a member in good standing of the South Carolina Bar, and is authorized to engage in the practice of law before the Court of Commons Pleas is eligible to register and participate in the E–Filing Pilot Program. Attorneys admitted *pro hac vice* are not

eligible to participate in the Pilot Program and must submit Electronic Filings through local counsel of record.

**(2) Registration.** To register, an attorney must complete an Electronic Registration Agreement by logging on to the attorney's account in the Attorney Information System (AIS). The attorney's email address for E–Service shall be the same email address(es) the attorney provided in AIS in accordance with Rule 410(e), SCACR. The attorney is responsible for updating any change in his or her email address(es) as set forth in Rule 410(g), SCACR.

**(3) Agreement to Terms and Conditions.** In addition to complying with these Policies and Guidelines, an eligible attorney must agree to the Terms and Conditions of Electronic Filing prior to participating in the Pilot Program.

**(b) Consent to Electronic Service and Electronic Filing of all Documents.** An Authorized E–Filer consents to E–Service as set forth in Section 4 below. All Authorized E–Filers must utilize the E–Filing System to E–File all documents and pleadings that are required to be served on other parties to the case under Rule 5(d), SCRCP.

**(c) Use and Misuse of Login and Passwords.**

**(1) Supervised Use Permitted.** Authorized E–Filers are solely responsible for and shall protect their login information and passwords. However, an attorney who is an Authorized E–Filer may permit an authorized agent, such as another attorney or a non-attorney assistant under the attorney's supervision, to utilize the attorney's login and password information and file on behalf of the attorney. Attorneys who are Authorized E–Filers are responsible for supervising other attorneys and non-attorney employees with respect to any E–Filing performed on their behalf.

**(2) Notification of Unauthorized Use.** An Authorized E–Filer shall immediately notify the South Carolina Judicial Department Information Technology (IT) Helpdesk at the telephone number or email address listed on the South Carolina Judicial Department's website, www.sccourts.org, if the Authorized E–Filer learns or suspects his or her login and password has been used without authorization.

## 4. E–Filing and E–Service

**(a) Electronic Filing.** The electronic transmission of a document to the E–Filing System in accordance with these Policies and Procedures and the Filer Interface User Guide constitutes the filing of that document in accordance with Rule 5(e), SCRCP. Any required filing fees and/or technology fees must be paid for by credit card at the time of submission.

**(b) Official Record.** Where a document is E–Filed, the electronic version of that filing constitutes the official record. E–Filed documents have the same force and effect as documents filed by Traditional means. Documents filed by Traditional means may be converted to electronic format and made part of the electronic record by the Clerk of Court. Once converted, the electronic version constitutes the official court record. While the Clerk of Court is not required to retain paper copies of documents properly converted to electronic format and made part of the electronic record in accordance with the Clerk of Court Manual, the Clerk of Court may not destroy original wills, original deeds, original contracts, court exhibits, or any other documents required by law or ordered by the court to be maintained in original form.

**(c)Timeliness.** A document transmitted and received by the E–Filing System on or before 11:59:59 p.m., Eastern Standard Time, shall be considered filed with the Clerk of Court on that date, provided it is subsequently accepted by the Clerk of Court. Except as provided in Section 9, nothing in these Policies and Guidelines should be construed to reduce or extend any filing or service deadlines set by statute, the South Carolina Rules of Civil Procedure, or orders of the court.

**(d) Clerk Review.** The Clerk of Court shall promptly review an Electronic Filing to determine whether it conforms to applicable filing requirements.

**(1) Acceptance.** If the Clerk of Court accepts the document, the document shall be considered filed with the court at the time the original submission to the Electronic Filing System was complete in accordance with paragraph (c) of this Section, and the Electronic Filing System will affix the date and time of receipt to the document. Upon acceptance, the Electronic Filing System will issue a confirmation with

the date and time of the original submission. If the filing initiates a case, the Clerk shall assign a case number.

**(2) Rejection.** If the Clerk of Court rejects the document, the document shall not become part of the court record. The Clerk of Court will notify the E–Filer of the rejection and the reason for rejection, which the E–Filer may access in the E–Filing System under the "My Filings" Tab. In the event an NEF was transmitted at the time of submission, a new NEF will be sent to all E–Filers in the case informing them that the document was rejected by the Clerk of Court, and the previous NEF shall not be effective as proof of service.

**(e) Electronic Service.**

**(1) Electronic Service of Process not Authorized.** Service of process or service of any pleadings initiating cases cannot be accomplished through the E–Filing System. The E–Filing System may not be used for service of process of a summons and complaint, subpoena, or any other pleading or document required to be personally served under Rule 4, SCRCP.

**(2) Automatic Service of Other Papers on Authorized E– Filers by the E–Filing System.** Except as provided in sub-paragraphs (A) and (B) below, upon the E–Filing of any pleading, motion, or other paper subsequent to the summons and complaint or other filing initiating a case, the E– Filing System will automatically generate and transmit an NEF to all Authorized E–Filers associated with that case. Where the parties are proceeding in the E–Filing System and a pleading, motion, or other paper must be filed, made, or served under the SCRCP, the E–Filing of that pleading, motion, or other paper, together with the transmission of an NEF, constitutes proper service under Rule 5, SCRCP, as to all other parties who are E–Filers in that case. It is the responsibility of an E–Filer to review the content of the E– Filed document in the E–Filing System to determine its force and effect.

(A) No NEF will be created at case initiation; however, the E–Filing System will transmit confirmations of receipt and acceptance of the filing.

**(B)** NEFs are only transmitted via email to Authorized E–Filers who are counsel of record. E–Filers should follow the instructions in the E–Filer User Guide and other training materials for entering an electronic notice of appearance when making an initial responsive filing in a case that was initiated via the E–Filing System and for accessing NEFs in the E–Filing System.

**(3) Service Complete Upon E–Filing.** Service of a pleading, motion, or other paper by NEF subsequent to the summons and complaint or other filing initiating a case is complete at the time of the submission of the pleading, motion, or other paper for E–Filing, provided an NEF is transmitted by the E–Filing System in accordance with paragraph (e)(2) of this Section. The act of E–Filing the pleading, motion or other paper is the equivalent of depositing it in the United States Mail under Rule 5(b)(1), SCRCP. The NEF constitutes proof of service under Rule 5(b), SCRCP, and the date of service shall be the date stated in the NEF as the "Official File Stamp." Where notice of the filing of a pleading, motion, or other paper is served by an NEF, the E–Filer need not file proof of service, but the E–Filer must retain a copy of the NEF as proof of service.

**(4) Time to Respond Following Electronic Service.** Computation of the time for a response after service by NEF is governed by Rule 6, SCRCP. In accordance with Rule 6(e), SCRCP, service by electronic means via an NEF is treated the same as service by U.S. Mail for purposes of determining the time to respond; therefore, five days shall be added to the prescribed period to respond from the date set forth in the Official File Stamp on the NEF.

**(5) Service By or Upon a Party Who is Not an E–Filer in a Case.**

    **(A)** E–Filed motions, pleadings, or other papers that must be served upon a party who is not represented by an Authorized E–Filer in the case or who is a Traditional Filer must be served by a Traditional Service method in accordance with Rule 5, SCRCP. An Authorized E–Filer who has E–Filed a motion, pleading, or other paper prior to service of the pleading, motion, or other paper shall serve a paper copy of the corresponding NEF on the Traditional Filer(s). The Authorized E–Filer must also

file proof of Traditional Service as to all other parties who are Traditional Filers.

**(B)** Traditional Filers must continue to serve all parties with a paper copy of the pleading, motion, or other paper by a Traditional Service method in accordance with Rule 5, SCRCP, and file a copy of the pleading, motion, or other paper with the Clerk of Court, together with proof of service, as required by Rule 5(d), SCRCP.

**(6) Failed Transmission of NEF.** If an Authorized E–Filer becomes aware that the NEF was not transmitted successfully to other Authorized E–Filers in the case, or that the NEF is deficient, the Authorized E–Filer shall, upon learning of the failure or deficiency, serve the E–Filed document by email, hand delivery, facsimile, or first class mail. Proof of such service shall be E–Filed within one business day of service.

### 5. Signatures on E–Filed Documents

**(a) Electronic Signatures.** The use of the Authorized E–Filer's login and password, combined with the use of the s/[typed name] in the signature line of an E–Filed document shall constitute the Authorized E–Filer's Electronic Signature on all E–Filed documents in accordance with Rule 11, SCRCP. The Authorized E–Filer shall also provide other identifying information, including the name, physical address, telephone number, and email address of the E–Filer, along with the E–Filer's South Carolina Bar Number. For example:

s/John Doe
S.C. Bar No. 12345
Attorney for the Plaintiff
1234 Any Street
Columbia, SC 29201
803–555–0111
name@email.com

**(b) Documents Requiring Multiple Signatures.** Where a document requires the signatures of more than one Authorized E–Filer, the document may be E–Filed by a single Authorized E–Filer. The Authorized E–Filer may insert the Electronic Signature(s) of the other Authorized E–Filer(s) if

the E–Filer obtains written consent, which may be in the form of a letter, e-mail, or facsimile.  The E–Filed document containing the Electronic Signature(s) shall affirmatively state that the E–Filer has obtained the required consent.

(c)**Signatures of Persons Other than Authorized E–Filers.**  Documents containing the signature of persons other than Authorized E–Filers, including affidavits, other notarized or signed documents, or proposed consent orders, must be E–Filed as a scanned PDF image.

### 6.  Signing and Entry of Court Orders and Judgments

(a) **Signing of Orders.**  Orders shall be electronically filed by the court or court personnel.  Judges or court personnel authorized to sign orders shall utilize an electronic signature page for the electronic signing of all orders, including any form orders.  Where signed by a judge, the signature on the electronic signature page shall include the individual judge's code assigned by Court Administration and the s/typed name of the judge as an electronic signature.  Electronically signed and filed court orders and judgments shall have the same force and effect as if the judge had affixed a written signature to a paper copy of the order.

(b) **Entry of Order.**  All court orders or judgments where one or more parties are proceeding in the E–Filing System will be entered electronically.  Electronic entry constitutes entry of the order or judgment in accordance with Rules 58 and 77, SCRCP.

(c) **Transmission of Notice of Court Orders or Judgments.**  Immediately upon the electronic entry of an order or judgment, the E–Filing System will transmit an NEF to all Authorized E–Filers in the case.  Transmission of the NEF constitutes the notice required under Rule 77(d), SCRCP, for all parties who are proceeding in the E–Filing System.  Parties who are not proceeding in the E–Filing System must be served by Traditional Service as required under Rule 77(d), SCRCP.

(d) **Receipt of Written Notice of Entry of Order or Judgment.**  An Authorized E–Filer has receipt of written notice of the entry of a judgment or the filing of an order upon receipt of the emailed NEF. It shall be the responsibility of an

Authorized E–Filer to review the content of the E–Filed order to determine its force and effect; however, any delay in accessing the E–Filing System to review the order does not affect the time of receipt.

## 7. Document Size and Formatting

(a) **Conversion by the Filer.** All papers and pleadings prepared by an E–Filer, other than proposed orders, must be converted to PDF utilizing PDF conversion software, and the converted document must be text-searchable. Any papers or documents that cannot be converted to PDF must be scanned to PDF by the E–Filer. The E–Filing System does not convert documents to PDF on behalf of the filer. More complete instructions concerning the conversion and scanning process are contained in the Filer Interface User Guide.

(b) **Electronic Documents Conform to Current Rules.** All E–Filed pleadings prepared by the parties shall conform to the requirements of Rule 10, SCRCP, and Rule 603, SCACR, to the extent practicable.

(c) **Resolution of Attachments.** Original documents filed as attachments must be scanned and E–Filed by the filer as a PDF document with the scanned image embedded at 300 dpi in black and white, unless color is required to maintain the integrity of the document or the evidence.

(d) **Size.** A single document included in a single submission cannot be larger than eight (8) Megabytes, and the size of all the documents included in a single submission cannot be larger than forty (40) Megabytes. When a single document is larger than eight (8) Megabytes, the document must be broken into smaller sized documents. The Filer Interface User Guide contains detailed instructions concerning the proper format for filings that are too large to file as a single document or single submission.

## 8. Attachments and Exhibits

(a) **Attachments to be Filed Electronically.** Documents that are E–Filed as attachments to pleadings or as exhibits must be scanned to PDF for E–Filing unless the document may not be comprehensively viewed in an electronic format,

the document is sealed or submitted for *in camera* review, or as otherwise ordered by the court.

**(b) Filed Separately.** Each attachment or exhibit to an E–Filed pleading must be E–Filed as a separate document within the same submission as the E–Filed pleading.

**(c) Proposed Orders.** Proposed orders must be prepared in Microsoft Word (*.doc or *.docx) format, unless the proposed order is a consent order signed by a party who is not an Authorized E-filer, in which case the signed proposed order should be scanned to PDF. Proposed orders should be submitted in one of two ways:

(1) Proposed orders prepared by a party upon a judge's instructions may not be E–Filed, but should instead be submitted by email to the requesting judge.

(2) Proposed orders prepared as part of a motion or as proposed consent orders should be E–Filed as attachments to the motion or other submitting document, such as a motion/order cover sheet.

**(d) Bookmarks and Hyperlinks.** E–Filed documents may contain bookmarks to locations within the same document. Hyperlinks to other documents or external sites are not permitted.

**(e) Other Exhibits.** Exhibits or other evidentiary items that cannot be filed electronically because the exhibit cannot be scanned and converted to PDF (i.e. large maps or plats, etc.) or because an original version must be filed may be Traditionally filed. Detailed instructions are contained within the Filer Interface User Guide.

## 9. Technical Difficulties

**(a) Point of Contact.** The point of contact for an Authorized E–Filer who is experiencing difficulty E–Filing a document is the South Carolina Judicial Department Information Technology (IT) Helpdesk at the telephone number or email address listed on the South Carolina Judicial Department's website, www.sccourts.org. The IT Helpdesk is open during the hours listed on the website and in the E–Filing application. Authorized E–Filers are encouraged to E–File documents during normal business hours in the event a problem with an Electronic Filing occurs.

**(b) Electronic Filing System Technical Failure.** The Electronic Filing System is deemed subject to a Technical Failure on a given day if the System is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 p.m. that day. Technical Failures will be communicated to Authorized E–Filers by announcing them on the E–Filing web page and through email alerts.

**(c) Other Technical Difficulties.** Other technical difficulties include malfunctions of an Authorized E–Filer's equipment, software, hardware, or internet connection that prevent the E–Filer from successfully E–Filing a document.

**(d) Problems with Filings.** Where a Technical Failure of the Electronic Filing System or a technical difficulty prevents an Authorized E–Filer from submitting a document for Electronic Filing, and the filing of the document is required by the SCRCP, order of the court, or South Carolina law on the day of the Technical Failure or technical difficulty, the E–Filer may utilize one of the following procedures:

(1) **Traditional Filing.** The Authorized E–Filer may traditionally file the document by physically delivering the document, together with any required filing fee, to the county Clerk of Court's office during normal hours of operation. The filing must include a certification signed by the Authorized E–Filer stating a Technical Failure has been declared or, in the case of a technical difficulty, that the Authorized E–Filer has unsuccessfully attempted to E–File the document electronically at least twice. Where a document is filed under this paragraph, and the document is required to be served under Rule 5, SCRCP, the Authorized E–Filer must serve the filed document and certification on all other parties to the case by a Traditional Service method.

(2) **Alternative Methods of Submission.** In cases where the Authorized E–Filer is unable to physically deliver the document to the clerk of court pursuant to paragraph (d)(1), the Authorized E–Filer may preserve the time for filing by utilizing an alternative method of submission set forth below. A document submitted by alternative method must be accompanied by a certification signed by the Authorized E–

Filer stating a Technical Failure has been declared or, in the case of a technical difficulty, that the Authorized E–Filer has unsuccessfully attempted to E–File the document electronically at least twice. Where the document is required to be served under Rule 5, SCRCP, the Authorized E–Filer must serve the certification and the entire document on all other parties to the case by email, hand delivery, facsimile, or first class mail. The document may be submitted to the Clerk of Court by:

(A) Email with an attachment containing the document with s/[typed name] for the signature in PDF format, sent to the email address for Technical Failures for the county Clerk of Court listed on the E–Filing Web Portal; or

(B) Facsimile transmission of the first and signature pages of the document to the county Clerk of Court. **THE ALTERNATIVE METHOD OF SUBMISSION IS NOT IN ITSELF A PROPER FILING.** The submission shall be effective only to preserve the time for filing, and the subsequent E–Filing will be deemed timely filed if E–Filing is accomplished within one (1) business day after the Technical Failure is remedied, or, in the case of an alleged technical difficulty, the next business day. The E–Filer must also pay any required filing fees at that time.

Where an Authorized E–Filer utilizes an alternative method of submission, the E–Filer shall not include a confidential reference list with the submitted documents. If the Authorized E–Filer wishes to file a confidential reference list in accordance with Rule 41.2, SCRCP, the E–Filer should E–File the reference list together with the subsequent E–Filing.

**(e) Traditional Service Methods Permitted.** Where a Technical Failure or technical difficulty prevents an Authorized E–Filer from submitting a document for E–Filing and E–Service, and that document is required to be served on one or more Authorized E–Filers in accordance with the SCRCP, order of the court, or South Carolina law on the day of the Technical Failure or technical difficulty, the Authorized E–Filer may serve the document on any other Authorized E–Filer by any Traditional method of service under Rule 5, SCRCP. The Authorized E–Filer must E–File the document,

together with proof of Traditional Service on all parties, within one business day after the Technical Failure is remedied or, in the case of a technical difficulty, the next business day, and pay any required fees.

(f) **Repeated Technical Difficulties.** Where an Authorized E–Filer is unable to complete an E–Filing after repeated attempts, the E–Filer may file the document with the Clerk of Court utilizing a Traditional Filing Method. The E–Filer must include a Certificate of Technical Difficulties with the Traditional filing explaining the problem and certifying that:

(1) the E–Filer attempted to E–File the document three or more times on at least two separate calendar days;

(2) the E–Filer contacted the IT Helpdesk for assistance; and

(3) after requesting assistance from the IT Helpdesk, at least one more attempt to E–File the document was made, and the attempt was unsuccessful.

The Authorized E–Filer must serve the filed document and certification on all other parties to the case by a Traditional Service method.

(g) **Relief.** An Authorized E–Filer who suffers prejudice as a result of a Technical Failure may seek appropriate relief from the court.

(h) **Scheduled Maintenance and Technical Interruptions.** Scheduled maintenance times will be announced via the E–Filing webpage at www.sccourts.org/efiling. Where the E–Filing System is unavailable and the unavailability is announced in advance as part of regularly scheduled maintenance, no Technical Failure has occurred. Authorized E–Filers may utilize technical difficulty provisions if the filing is required to be filed that day.

## 10.  Public Access and Sensitive Information

(a) **Access to the Case Management System Public Index.** The public may access, with limited exceptions, information from the E–Filing System through the Case Management System Public Index, including the case status and documents filed by the parties.

**(b) Privacy.** Attorneys are responsible for ensuring that their clients have sufficient information to make informed decisions regarding the inclusion, exclusion, and redaction of personal identifying information in court documents.

(1) Any document filed by a party shall not include, or the party will redact where inclusion is necessary, the personal identifying information detailed in Rule 41.2(a), SCRCP.

(2) The Clerks of Court and their staff are not responsible for reviewing filings to determine if materials should be redacted. The responsibility for redacting personal identifying information rests solely with the E–Filer. If the Clerk of Court discovers unredacted personal identifying information in an E–Filed document, the Clerk may require that the party E–File an amended document that properly redacts personal identifying information. E–Filers who repeatedly or deliberately include information in pleadings that should have been redacted are subject to sanction by the court pursuant to Rule 11, SCRCP.

(3) Where personal identifying information that has been redacted is relevant to an issue in the case, the party may file a Confidential Reference List as set forth in Rule 41.2(b), SCRCP. The Confidential Reference List shall be served on all parties of record, and will be accessible to the Authorized E–Filers associated with the case in the E–Filing System, but will not be publically available on the Case Management System Public Index. No order of the court is required to file a Confidential Reference List, and the list may be amended as of right. The Confidential Reference List must be E–Filed as a separate document from the redacted filing, but included within the same submission as the redacted filing.

**(c) Sealed Cases and Documents.**

(1) Motions to seal are governed by Rule 41.1, SCRCP. A motion to file any document under seal pursuant to Rule 41.1 shall be E–Filed, unless prohibited by law. The document(s) for which sealing is sought shall be submitted for an *in camera* review by Traditional means as provided in Rule 41.1(b) and shall not be E–Filed. Where the documents sought to be sealed are required to be served, the E–Filer must use a Traditional Service method to serve those docu-

ments. The process for filing a motion to seal is fully set forth in the Filer Interface User Guide.

**(2)** *In camera* submissions shall be presented to the court by paper copy.

**(3)** Any case or document under seal shall not be available to the public through electronic or other means.

## 11. Miscellaneous

**(a) Discovery.** The E–Filing System shall not be used for the electronic exchange of discovery materials and other communications between the parties that are not intended to be filed with the court.

**(b) Citation.** These Policies and Guidelines may be cited as follows: Section ——, SCEF.

**(c) Courtesy Copies.** The court shall not require parties to furnish courtesy paper copies of E–Filed documents.

**(d) Request to Correct Data Entry Error.** A party or an attorney for a party may seek to correct an alleged data entry error in case information entered in the E–Filing System or the Case Management System Public Index by filing a written request with the Clerk of Court in the county in which the case was filed.

**(1)** A request may only be filed where a party asserts a data entry error, such as a clerical error or scrivener's error, occurred during entry of case or event information in the Case Management System or the E–Filing System. Examples include circumstances where the names of parties were correctly set forth in pleadings, but were incorrectly entered by the E–Filer or the Clerk of Court electronically. Other examples include the incorrect selection of a filing event by the E–Filer or the Clerk of Court.

**(2)** No request may be filed as a means to amend a filed pleading, order, or other document. Where a party believes a pleading or order of the court contains an error that requires amendment, the party may seek to amend the pleading or order or request other relief in accordance with the SCRCP.

**(3)** Requests to Correct Data Entry Errors shall be processed as follows:

**(A)** The party or an attorney for a party shall file a Request to Correct Data Entry Error on a Form approved by the Supreme Court. The request shall contain a brief description of the data entry error and the specific correction that is requested.

**(B)** If the request properly alleges a data entry error under paragraph (d)(1) of this section, the Clerk of Court shall, within ten days, make the requested correction and file a Response to the Request to Correct Data Entry Error on a Form prescribed by the Supreme Court.

**(C)** If the request does not properly allege a data entry error under paragraph (d)(1) of this section, the Clerk of Court shall, within ten days, file a Response to the Request to Correct Data Entry Error declining to make the correction on a Form prescribed by the Supreme Court.

**(D)** Where it is unclear whether the request properly alleges a data entry error under paragraph (d)(1) of this section, the Clerk of Court shall refer the matter to the Chief Judge for Administrative Purposes or other judge involved in the matter for a determination of whether the change is appropriate.

**(E)** A party who believes the Clerk of Court has erroneously declined to correct a data entry error in accordance with this section may seek relief from the court.

**(e) Construction.** These Policies and Guidelines shall be liberally construed to ensure substantial justice for all parties, and that cases are disposed of on the merits.