**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cassandra Selph, Appellant,

v.

Barbara Boatwright; Margaret S. Daniels, Individually and as Personal Representative of the Estate of Eli Selph; Eli Maurice Selph; and Dwayne Selph, Defendants,

Of whom Margaret S. Daniels, individually and as Personal Representative of the Estate of Eli Selph, and Dwayne Selph are the Respondents.

Appellate Case No. 2021-000849

———————

Appeal From Williamsburg County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-047
Submitted January 1, 2024 – Filed February 7, 2024

———————

**AFFIRMED**

———————

Bernard Mitchell Alter, of Alter & Barbaro, of Brooklyn, New York, for Appellant.

Walter B. Todd, Jr., of Walter B. Todd, Jr., PC, of Columbia, for Respondent Dwayne Selph.

Kenneth Allen Davis, Tierney Felicia Goodwyn, and Charles J. Boykin, all of Boykin & Davis, LLC, of Columbia, for Respondent Margaret S. Daniels.

———————

**PER CURIAM:**  Cassandra Selph (Selph) appeals the circuit court's order granting Dwayne Selph and Margaret S. Daniels's, individually and as personal representative of the estate of Eli Selph (collectively, Respondents'), motion to compel compliance with the parties' mediated settlement agreement.  Selph argues the circuit court erred by (1) considering Daniels's untimely filed affidavit, (2) ruling on Respondents' motion without allowing the parties to present additional evidence and testimony, and (3) ordering enforcement of the settlement agreement when Respondents failed to issue a written demand prior to filing their motion to compel.  We affirm pursuant to Rule 220(b), SCACR.

First, as to whether the circuit court erred by considering Daniels's affidavit, we find Respondents timely served Selph under Rule 6(d) of the South Carolina Rules of Civil Procedure.  *See* Rule 6(d), SCRCP ("A written motion other than one which may be heard ex parte, and notice of the hearing thereof, shall be *served* not later than ten days before the time specified for the hearing . . . .  When a motion is to be supported by affidavit, the affidavit shall be served with the motion; and . . . additional or opposing affidavits may be served not later than two days before the hearing, unless the court permits them to be served at some other time.  The moving party may serve reply affidavits at any time before the hearing commences." (emphasis added)).  Selph incorrectly asserts Daniels's affidavit must have been *filed* ten days prior to the January 14, 2021 motion hearing.  Rule 6(d) requires affidavits in support of a written motion must be *served* no later than ten days before the hearing.  Although Daniels's affidavit was not filed until January 5, 2021, the notice of electronic filing indicated Daniels's affidavit was electronically served on Selph on January 4, 2021, which was ten days prior to the motion hearing.  *See In re. S.C. Elec. Filing Pol'ys & Guidelines (SCEF)*, Section 4(e)(2), (3) 415 S.C. 1, 7-8, 780 S.E.2d 600, 603 (2015) (providing that (1) upon the E-Filing of a motion, the E-Filing system automatically generates and transmits a notice of electronic filing (NEF) to all authorized E-Filers associated with the case; (2) when the parties are proceeding in the E-Filing system, E-Filing of a motion along with the transmission of an NEF constitutes proper service under Rule 5 of the South Carolina Rules of Civil Procedure, as to all other parties who are E-Filers in the case; (3) service of a motion by NEF is complete at the time of submission of the motion for E-Filing as long as an NEF is transmitted and the NEF constitutes proof of service under Rule 5(b) such that the date of service shall be the date

stated in the NEF as the "Official File Stamp"); Rule 5(b), SCRCP ("Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court."). Accordingly, we find the circuit court did not err by considering Daniels's affidavit.

Second, we find the circuit court properly exercised its discretion in enforcing the mediated settlement agreement without taking additional evidence and testimony. Under Rule 43(e), of the South Carolina Rules of Civil Procedure, a circuit court has the discretion to hear a motion to enforce a settlement agreement "on affidavits in lieu of oral testimony." *Nichols Holding, LLC v. Divine Cap. Grp.*, LLC, 416 S.C. 327, 341, 785 S.E.2d 613, 620 (Ct. App. 2016); *see* Rule 43(k), SCRCP ("No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel.").

Lastly, as to whether the circuit court erred by enforcing the settlement agreement when Respondents failed to issue a written demand for enforcement of the mediated settlement agreement, we find this argument is without merit. *See Byrd v. Livingston*, 398 S.C. 237, 241, 727 S.E.2d 620, 621 (Ct. App. 2012) ("In South Carolina jurisprudence, settlement agreements are viewed as contracts." (quoting *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009))); *S.C. Dep't of Transp. v. M & T Enterprises of Mt. Pleasant, LLC*, 379 S.C. 645, 655, 667 S.E.2d 7, 13 (Ct. App. 2008) ("When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary, and popular sense."). The settlement agreement unambiguously required Selph pay Daniels for her interest in portion of the subject property by March 23, 2019. Further, it provided the settlement agreement was enforceable pursuant to Rule 43(k), of the South Carolina Rules of Civil Procedure, as a contract between the parties, and the parties could seek enforcement of the settlement agreement by motion. The settlement agreement did not require the party seeking to enforce the agreement issue a written demand first.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.