**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jasmine Gibson, Respondent,

v.

Rosa DeVeaux and Virginia Patterson, Appellants.

Appellate Case No. 2023-001119

———————————

Appeal From Kershaw County
Alison Renee Lee, Circuit Court Judge,

———————————

Unpublished Opinion No. 2025-UP-091
Submitted February 1, 2025 – Filed March 19, 2025

———————————

**AFFIRMED**

———————————

Charles Cantzon Foster, II, of Foster Law Offices, LLC, of Columbia, for Appellants.

Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, for Respondent.

———————————

**PER CURIAM:** Rosa DeVeaux and Virginia Patterson (collectively, Appellants) appeal the circuit court's order granting summary judgment and damages to Jasmine Gibson in a case Gibson brought seeking declaratory judgment validating her lease with Appellants and alleging abuse of process in Appellants' eviction proceedings against her. On appeal, Appellants argue the circuit court's summary

judgment and damages orders should be set aside because Gibson failed to provide ten days' notice of the hearing on her motion. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in granting Gibson summary judgment and damages because Appellants received ten days' notice of Gibson's motion and the hearing. *See Raby Const., L.L.P. v. Orr*, 358 S.C. 10, 17-18, 594 S.E.2d 478, 482 (2004) (stating an abuse of discretion standard governs review of a decision to grant or deny a motion for relief from judgment); *Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 101-02 (Ct. App. 2004) (citations omitted) (stating abuse of discretion occurs when the circuit court's order "was controlled by an error of law or when the order is without evidentiary support"). In her February 15, 2023 motion for summary judgment, Gibson informed Appellants the motion would be heard "at the non-jury trial roster meeting on February 27, 2023, [or] at any time during that trial week that the court selects." Appellants also received a notice of electronic filing (NEF) for the motion on February 16, 2023. *See* Rule 6(d), SCRCP ("A written motion other than one which may be heard *ex parte*, and notice of the hearing thereof, shall be served not later than ten days before the time specified for the hearing, unless a different period is fixed by these rules or by an order of the court."); Rule 56(c), SCRCP (stating a motion for summary judgment "shall be served at least [ten] days before the time fixed for the hearing"); *In re S.C. Elec. Filing Pol'ys & Guidelines (SCEF)*, Section 4(e)(3), 415 S.C. 1, 7, 780 S.E.2d 600, 603 (2015) (stating service of documents subsequent to the summons and complaint "is complete at the time of the submission of the pleading, motion, or other paper for E-Filing, provided an NEF is transmitted by the E-Filing System . . . . The NEF constitutes proof of service under Rule 5(b), SCRCP"). After Appellants failed to appear at the February 27, 2023 roster meeting, they received notice that same day from both Gibson and the court that the hearing on Gibson's motion would occur on March 1, 2023. It was Appellants' responsibility to review all notices they received and attend all required roster meetings and hearings; thus, Appellants' failure to appear at the motion hearing does not rise to the level of "mistake, inadvertence, surprise, or excusable neglect" as defined by Rule 60(b) of the South Carolina Rules of Civil Procedure. *See* Rule 60(b)(1), SCRCP (providing the court may set aside judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect"); § 4(e)(2), SCEF ("It is the responsibility of an E-Filer to review the content of the E-Filed document in the E-Filing System to determine its force and effect."); *Williams v. Watkins*, 384 S.C. 319, 325, 681 S.E.2d 914, 917 (Ct. App. 2009) ("When a court sends a litigant notice of his or her term of court, that litigant is bound by the notice and held accountable if he or she fails to appear.").

Furthermore, we hold Appellants were not entitled to relief from summary judgment because they failed to show a meritorious defense. *See Rouvet v. Rouvet*, 388 S.C. 301, 309, 696 S.E.2d 204, 208 (Ct. App. 2010) (explaining that in deciding whether to grant relief under Rule 60(b)(1), a court must consider, among other factors, whether a "meritorious defense" exists); *Bowers v. Bowers*, 304 S.C. 65, 68, 403 S.E.2d 127, 129 (Ct. App. 1991) (stating neither mere allegations nor arguments of counsel are evidence). Accordingly, we affirm the circuit court's order granting summary judgment and damages against Appellants.

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.