**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mia Anderson, on behalf of the Estate of Jessie Heyward a/k/a Jessie Bell Anderson, Appellant,

v.

Richard Miles Thompson, M.D. and ACS Primary Care Physicians - Southeast, P.C., Respondents.

Appellate Case No. 2023-001703

———————

Appeal From Berkeley County
Thomas L. Hughston, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-307
Submitted May 1, 2026 – Filed June 24, 2026

———————

**REVERSED AND REMANDED**

———————

Brooks Roberts Fudenberg, of Law Office of Brooks R. Fudenberg, LLC, of Charleston, for Appellant.

Robert P. Wood, of Rogers Townsend, LLC, of Columbia; and Chilton Grace Simmons and Elizabeth Ballentine Mason, both of Rogers Townsend, LLC, of Charleston, all for Respondents.

———————

**PER CURIAM:** Mia Anderson (Anderson), on Behalf of the Estate of Jessie Heyward a/k/a Jessie Bell Anderson, appeals the jury verdict in favor of Richard Miles Thompson, M.D. and ACS Primary Care Physicians - Southeast, P.C. (collectively, Respondents) on her causes of action for negligence by medical malpractice, wrongful death, and survival and the circuit court's order denying her motion for a new trial. On appeal, Anderson argues the circuit court erred by failing to either remove or question a juror despite evidence of juror hostility and premature deliberations. We reverse and remand pursuant to Rule 220(b), SCACR.

Initially, we hold Anderson's motion for a new trial stayed the thirty-day requirement to serve the notice of appeal. *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty . . . days after receipt of written notice of entry of the order or judgment."); *id.* ("When a timely . . . motion for a new trial . . . has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion."). Anderson filed her motion on the tenth day after the discharge of the jury as the circuit court allowed her to do. *See* Rule 59(b), SCRCP ("The motion for a new trial shall be made promptly after the jury is discharged, or in the discretion of the court not later than [ten] days thereafter."). We hold Anderson timely filed her motion, despite the clerk of court's rejection for unredacted information in an exhibit. Clerks of court are not responsible for reviewing filings for redactions and if they discover unredacted material, they should request an amended filing instead of rejecting it. *See* Rule 41.2(c), SCRCP ("The clerks of court and their staff will not review filings for redaction . . . . The responsibility for ensuring that information is redacted or sealed rests with counsel and the parties."); *In re S.C. Elec. Filing Pol'ys & Guidelines*, 415 S.C. 1, 16, 780 S.E.2d 600, 607-08 (2015) ("The [c]lerks of [c]ourt and their staff are not responsible for reviewing filings to determine if materials should be redacted."); *id.* ("If the [c]lerk of [c]ourt discovers unredacted personal identifying information in an E-Filed document, the [c]lerk may require that the party E-File an amended document that properly redacts personal identifying information."); *see also Barnes v. State*, 433 S.C. 399, 402, 859 S.E.2d 260, 261 (2021) ("[A] clerk of court does not have the authority to reject a filing based on ostensible or perceived failures, including whether the document is contained on the proper form."); *id.* at 403, 859 S.E.2d at 262 ("Instead, the clerk shall accept the filing, thereby permitting the court to decide any issues the parties may have with it.").

Next, contrary to Respondents' contention, we hold Anderson's statement of issue on appeal was sufficiently concise and direct.[1]  *See* Rule 208(b)(1)(B), SCACR ("The statement [of issues on appeal] shall be concise and direct as to each issue . . . .  Broad general statements may be disregarded by the appellate court. Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

We also hold, contrary to Respondents' argument, that Anderson's issue is preserved for appellate review.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").  Anderson first raised her concerns regarding the foreperson's and the unknown juror's conduct as soon as the statements were discovered and Respondents joined in this objection.  Anderson objected a second time after a witness finished testifying, and Respondents echoed Anderson's concern that further misconduct by the foreperson occurred after the court reinstructed the jury not to engage in preliminary deliberations.  Anderson specifically requested the circuit court "check in" with or remove the foreperson, which the court denied.  We hold these requests were sufficiently specific and contemporaneous to raise this issue to the circuit court and preserve the issue on appeal.  *See Herron*, 395 S.C. at 466, 719 S.E.2d at 642 ("[A] party is not required to use the exact name of a legal doctrine in order to preserve the issue."); *State v. Aldret*, 333 S.C. 307, 315 n.6, 509 S.E.2d 811, 815 n.6 (1999) ("[A]llegations [of premature jury deliberations] must be raised at the first opportunity in order to be preserved for review."); *State v. Hurd*, 325 S.C. 384, 389-90, 480 S.E.2d 94, 97 (Ct. App. 1996) (determining the request to remove a juror or "bring him in and question him" was sufficient to require the trial court to determine whether the juror was unqualified).  Although the circuit court noted it was "not making a final decision" after Anderson's second objection and Anderson did not explicitly join the third objection, made by Respondents, we hold it would have been futile for Anderson to make the exact same—just denied—request as Respondents for what would have been the fourth time.  *See Staubes v. City of Folly Beach*, 339 S.C. 406, 415, 529 S.E.2d 543, 547 (2000) ("[An appellate c]ourt does not require

---

[1] Nevertheless, the issue was reasonably clear from her brief.  *See Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011) ("When an issue is not specifically set out in the statements of issues, the appellate court may nevertheless consider the issue if it is *reasonably clear* from an appellant's arguments.").

parties to engage in futile actions in order to preserve issues for appellate review."); *see also Herron*, 395 S.C. at 470, 719 S.E.2d at 644 ("We are mindful of the need to approach issue preservation rules with a practical eye and not in a rigid, hyper-technical manner."); *Staubes*, 339 S.C. at 412, 529 S.E.2d at 546 ("Error preservation requirements are intended 'to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000))).

Finally, we hold the circuit court abused its discretion by failing to question the foreperson regarding the alleged juror misconduct when the foreperson allegedly used an expletive towards the court and an unknown juror allegedly stated behind a closed door that he or she would "discuss [the] case, if [he or she] want[ed] to." *See Hassell v. City of Columbia*, 430 S.C. 620, 626, 846 S.E.2d 373, 376 (Ct. App. 2020) ("A denial of a new trial based on alleged jury misconduct is reviewed for an abuse of discretion." (quoting *State v. Galbreath*, 359 S.C. 398, 402, 597 S.E.2d 845, 847 (Ct. App. 2004))). A juror exhibiting hostile behavior and explicitly pronouncing that he or she would not follow the court's instructions would make that juror unqualified to render a verdict and the circuit court was therefore required to "conduct a probing and tactful inquiry" to determine whether the juror was unqualified. *See Hurd*, 325 S.C. at 389-90, 480 S.E.2d at 97 ("'[I]t is incumbent upon the trial court to conduct a probing and tactful inquiry to determine whether a sworn juror is unqualified,' and 'the court must not speculate . . . but must ascertain the juror's state of mind and must place its reasons for excusing or retaining the juror on the record.'" (quoting *People v. Valerio*, 529 N.Y.S.2d 350, 351 (N.Y. App. Div. 1988) (omission in original))); *id.* at 389, 480 S.E.2d at 97 (determining a sleeping juror "who ha[d] not heard all the evidence in the case or the court's instructions as to the applicable principles of law [was] grossly unqualified to render a verdict" (quoting *Valerio*, 529 N.Y.S.2d at 351)); *State v. Zeigler*, 364 S.C. 94, 109, 610 S.E.2d 859, 867 (Ct. App. 2005) ("[A] trial [court] must make a factual determination as to whether juror misconduct has occurred."); *Keene v. CAN Holdings, LLC*, 426 S.C. 357, 377-78, 827 S.E.2d 183, 194 (Ct. App. 2019) ("When an allegation of premature jury deliberations arises during trial, the circuit court should conduct a hearing to ascertain if, in fact, such premature deliberations occurred, and if the deliberations were prejudicial." (quoting *Aldret*, 333 S.C. at 315, 509 S.E.2d at 815)). The circuit court abused its discretion when it failed to conduct this inquiry, and we reverse and remand for a new trial. *See Hurd*, 325 S.C. at 390, 480 S.E.2d at 97 (holding the court committed "reversible error by refusing defense counsel's request to question the juror as to whether he heard all of the charge").

**REVERSED AND REMANDED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.